```
                                        ┌─────────────────────────────┐
                                        │ USDC SDNY                   │
                                        │ DOCUMENT                    │
                                        │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT            │ DOC #:                      │
SOUTHERN DISTRICT OF NEW YORK           │ DATE FILED: 10/28/09        │
                                        └─────────────────────────────┘
```

MARKETING TECHNOLOGY SOLUTIONS, INC.,

              Plaintiff,

   - against -

MEDIZINE LLC, DANIEL BRANDT, MICHAEL ROWSOM, and ETRUVIAN, INC.
              Defendant.

No. 09 Civ. 8122 (LMM)(MHD)

[PROPOSED] **STIPULATED JOINT PROTECTIVE ORDER**

      **WHEREAS** Plaintiff Marketing Technology Solutions, Inc. and defendants Medizine LLC, Daniel Brandt, Michael Rowsom, and eTruvian, Inc. (collectively, the "Parties") believe that certain information disclosed in discovery in the above-captioned action (the "Action") may constitute proprietary, trade secret, or other confidential research, development, financial, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26(c)") or the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"); and

      **WHEREAS** the Parties have mutually agreed that it would serve their respective interests to conduct discovery under a protective order pursuant to Rule 26(c);

      **IT IS HEREBY ORDERED** that:

      1.    This Protective Order shall apply to all information, documents, testimony, and things subject to discovery in the Action and believed by a party, or by a non-party from whom discovery is requested, to contain trade secrets or other proprietary or confidential research, development, financial, or commercial information within the meaning of Rule 26(c) (hereafter "Confidential" or "Highly Confidential" information), including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or

1

things, answers to requests for admission, information disclosed pursuant to subpoena under Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"), and all other discovery taken pursuant to the Federal Rules of Civil Procedure and the Local Rules.

2. As used herein:

(a) "Confidential" information is proprietary, confidential, or trade secret information which is not publicly known and which its owner would not reveal to others except in confidence. A person producing information under this Order (the "Producing Person") shall designate information as "Confidential" if it believes in good faith that the information is Confidential. When producing documents, the Producing Person shall mark each page containing Confidential information as "Confidential".

(b) "Highly Confidential" information is highly confidential information which would, if it became known to other parties, harm the competitive position of its owner. As used herein, "Highly Confidential" information shall be limited to highly confidential source code; a party's non-public financial information including, but not limited to, sales and/or profits; non-public customer information; non-public business plans or projections; and non-public information concerning the design, structure, or workings of a party's products or systems. A Producing Person shall designate information as "Highly Confidential" if it believes in good faith that the information is Highly Confidential. When producing documents, the Producing Person shall mark each page containing Highly Confidential information as "Highly Confidential". Notwithstanding anything in this Order to the contrary, except for the data from which a party's profits may be calculated, the amount of damages sought by a party shall not be designated as

2

"Confidential" or "Highly Confidential," notwithstanding any such designation that may be made.

(c)     The definitions of "Confidential" and "Highly Confidential" stated above reflect the meanings of those terms only as used in this Order.

3.     Any Producing Person, whether or not a party to this action, may designate information as Confidential or Highly Confidential under this Order.

4.     Nothing in this Protective Order shall preclude any party from disclosing or using, in any matter or for any purpose, any information which (i) is public knowledge; (ii) was lawfully in the Receiving Person's possession prior to being designated as Confidential or Highly Confidential information in the Action; or (iii) was obtained from a third party having the apparent right to disclose such information without restriction or obligation of confidentiality. Such restrictions and obligations shall not be deemed to prohibit discussions regarding any Confidential or Highly Confidential information with any person if said person already has or obtains legitimate possession thereof without restriction or obligation of confidentiality.

5.     The designation of Confidential or Highly Confidential information shall be understood to encompass not only the document so designated, but also any information derived from that document, and any copies, recordings, abstracts, excerpts, analyses, summaries, or compilations thereof, as well as testimony and oral conversation derived therefrom and related thereto. However, nothing in this Protective Order shall bar or otherwise restrict any counsel from discussing the Action or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential or Highly Confidential information, provided that in rendering such advice or in otherwise communicating with his or her client, such counsel shall not make any disclosure of Confidential

3

or Highly Confidential information, unless such disclosure is permitted pursuant to paragraphs 7, 8, or 9.

6.  A person receiving information under this Protective Order (the "Receiving Person") shall use Confidential, or Highly Confidential information (together, "Protected Information") only to conduct this litigation.

7.  By receiving information under this Protective Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information. All Receiving Persons, other than those identified in paragraphs 8(a), 8(b), and 8(d), shall sign an acknowledgment in the form attached hereto as Exhibit A, indicating that they have read and understood the terms of this Order and agree to be bound by such terms and to submit to the jurisdiction of the Southern District of New York for enforcement of this Order. Counsel for each party shall maintain all original acknowledgments, and will produce the same to the opposing party when so ordered by the Court.

8.  In the absence of express written permission from a Producing Person or an Order of this Court, a Receiving Person shall not disclose or show any Confidential Information, including material previously produced as confidential, to any person, nor shall the form or substance of the contents thereof be disclosed to or discussed with any person, other than the following (subject to the limitations identified in this Paragraph):

(a)  outside litigation counsel (including local and trial counsel) retained by a party in this action, including attorneys, paralegal assistants, information technology, administrative, and clerical employees working under the direct supervision of such attorneys;

4

(b) service contractors (such as document copy services, jury or trial consultants, database support groups, exhibit preparation organizations and the like);

(c) independent experts or consultants, whether testifying or non-testifying, retained by outside litigation counsel;

(d) the Court, its personnel, and any court reporters involved in taking or transcribing testimony in this action;

(e) one in-house counsel for each Receiving Person, each of whom shall be identified by written notice served on all other Parties to this Action, and subject to the provisions of paragraph 7;

(f) two officers, directors, or employees of the Receiving Person deemed necessary by counsel of record for the Receiving Person for the prosecution or defense or settlement of the Action, who shall be identified by written notice served on all other Parties to this Action, and subject to the provisions of paragraph 7; or, if the Receiving Person is a party to the lawsuit and a natural person (i.e., Daniel Brandt and Michael Rowsom), the Receiving Person himself; and

(g) any other person by written agreement of the parties or by order of the Court.

9. In the absence of express written permission from a Producing Person or an Order of this Court, no Highly Confidential information, including material previously produced as Highly Confidential information, shall be shown or disclosed to any person other than those individuals identified in Paragraphs 8(a) – 8(d). Persons identified in Paragraphs 8(e), 8(f) and 8(g) shall not have access to information designated as Highly Confidential information.

10. Before a Receiving Person can share Protected Information with an independent expert or consultant under paragraph 8(c), the Receiving Person shall provide the Producing

5

Person written notice of its intention, which shall include the proposed expert's curriculum vitae as well as a list of any previous or current relationship with any party to this action. If the Producing Person objects to the disclosure, it must send a written objection within 72 hours after the Producing Person's receipt of the written notice except with respect to experts who will perform the review of source code for purposes of MTS's motion for preliminary injunction, about which the Producing Person must send a written objection within one business day after the Producing Person's receipt of the written notice. Absent a timely written objection, the Receiving Person may share Protected Information with the independent expert. If the Producing Person makes a timely written objection, the Receiving Person shall not share Protected Information with the independent expert until the objection is resolved by agreement or by the Court. If the parties cannot resolve this dispute, they may proceed under the Local Rule 37.2 addressing discovery disputes, with the Producing Person bearing the burden of filing a motion (made pursuant to the procedures set forth under the Local Rules) and establishing good cause to support its objection. A Producing Person shall not seek discovery with respect to a consultant or other non-testifying expert of a party who has received Protected Information, absent a Court order pursuant to a motion (made pursuant to the procedures set forth under the Local Rules) made by the Producing Person.

11. If not so otherwise designated in the transcript, deposition testimony shall be deemed Highly Confidential until the expiration of thirty (30) days after the receipt of the final transcript of the deposition from the court reporter. Pages or entire transcripts of testimony given at a deposition or hearing may be designated by a Producing Person as Confidential or Highly Confidential information by an appropriate statement either at the time of the giving of such

testimony or by written notification within thirty (30) days after receipt of the final transcript of the deposition from the court reporter.

12. In the event that a Producing Person elects to produce material for inspection pursuant to Federal Rule of Civil Procedure 34, no designation need be made prior to the inspection. For purposes of the inspection, all material shall be considered Highly Confidential information and inspected only by those persons permitted access to Highly Confidential information. Prior to furnishing copies of inspected material, the Producing Person shall have an opportunity to label the material with a "Confidential" or "Highly Confidential" marking.

13. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered to disclose or contain Confidential or Highly Confidential information, such non-party may designate documents or information as Confidential or Highly Confidential information in the manner set forth in this Protective Order and these designations shall be treated in the same manner as if made by a party, provided that the non-party must agree that this Court shall have exclusive jurisdiction to entertain and decide any motion brought pursuant to this Protective Order challenging the status of the information so designated by the non-party or otherwise to enforce the provisions of this Protective Order with respect to such non-party.

14. If requested, the source code used to implement lead generation shall be produced as set forth below. All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL—SOURCE CODE." All such source code designated as "RESTRICTED CONFIDENTIAL—SOURCE CODE," shall be subject to the following provisions:

(a) All source code will be made available by the Producing Person to the Receiving Person's outside counsel and/or experts by secure download, portable drive, or any other manner agreed upon by the Producing Person and the Receiving Person.

(b) All source code must be reviewed on one or more secured computers, that is, ones located within a private, secured room; without Internet access; and access to which is restricted to those entitled to view source code pursuant to section 14(m) below, each of whom must have his/her own user name and password for access ("Source Code Computer").

(c) The Receiving Person's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(d) The Receiving Person may print portions of the source code, provided that, upon printing any such portions of source code, the printed pages shall be Bates numbered and labeled "RESTRICTED CONFIDENTIAL-SOURCE CODE." The printed pages shall constitute part of the source code produced by the Producing Person in this action.

(e) The Receiving Person shall maintain a log of all persons who inspect the source code, and the Producing Person shall be entitled to view the log upon reasonable notice.

(f) Other than as provided in Paragraph 14(c) above, the Receiving Person will not copy, remove, or otherwise transfer any source code from the Source Code Computer to any place other than another Source Code Computer, including, without limitation, copying, removing, or transferring the source code onto any other computers or

8

peripheral equipment. The Receiving Person will not transmit any source code in any way from the Producing Person's facilities or the offices of its outside counsel of record.

(g)     The Receiving Person shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the paper copies of source code in a locked room or cabinet at all times when it is not in use.

(h)     The Receiving Person's outside counsel of record may make no more than three (3) additional paper copies of any portions of the source code printed pursuant to sub-paragraph 14(d), not including copies attached to expert reports or court filings.

(i)     The Receiving Person may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Person shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

(j)     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE.

(k)     All paper copies shall be securely destroyed if they are no longer in use (e.g., at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(l) Except as provided in this sub-paragraph 14(l), the Receiving Person may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., the Receiving Person may not scan the source code to a PDF, or photograph the code). The Receiving Person may create an electronic copy or image of selected portions of the source code to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports). Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL-SOURCE CODE." The production of source code shall not be subject to the Parties' previously-filed stipulation to allow production of documents via email.

(m) The Receiving Person's outside counsel may only disclose a copy of the source code to the individuals specified in Paragraphs 8(a), 8(c), and 8(d) above.

15. The acceptance by a party of documents or things designated as Confidential or Highly Confidential information shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Rule 26(c), or some other basis. Documents and things designated as Confidential or Highly Confidential information shall be treated in accordance with the provisions of this Protective Order, except that if a Receiving Person disagrees with a designation of information, it shall

provide the Producing Person with written notice of its challenge. If the parties cannot resolve this dispute, they shall proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of filing a motion (made pursuant to the procedures set forth under the Local Rules) and showing that the information is Confidential or Highly Confidential. Failure to challenge a designation immediately shall not waive a Receiving Person's ability to bring a later challenge. If the parties are not able to resolve the dispute, any challenged designation remains in force until the propriety of such designation has been determined, either by agreement of the parties or by order of the Court.

16.     If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify in writing all Receiving Persons of its failure as soon as possible after discovery of the inadvertent failure to designate. The Producing Person shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations. Upon receipt of such written notice, the Receiving Person promptly shall make best efforts to collect all copies of the documents from any person who is not qualified under Paragraphs 8 and/or 9 to receive Protected Information.

17.     Nothing in this Protective Order shall require disclosure of information or materials which a party contends is protected from disclosure by the attorney-client privilege or the attorney work product immunity or any other applicable privilege. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

18.     Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the Producing Person that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to

have occurred. Upon such designation, the Receiving Person promptly shall make best efforts to collect all copies of the documents and return them to the Producing Person.

19. In the event that any Confidential or Highly Confidential information is used in any proceeding in connection with this litigation, it shall not lose its Confidential or Highly Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

20. To the extent that any Confidential or Highly Confidential information subject to this Protective Order (or any pleading, motion, or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Highly Confidential information, the party seeking to file the information shall first file a motion seeking a sealing order from the Court in accordance with Local Rules and court procedures. If the motion is granted, the filing party shall file the documents containing Confidential or Highly Confidential information under seal with the Clerk of the Court and shall mark that filing "CONFIDENTIAL INFORMATION FILED UNDER SEAL." However, only those portions of filings containing Confidential or Highly Confidential information shall be filed under seal. A redacted filing may also be filed concurrently with the sealed filings. If the sealing motion is not granted or no timely decision on the motion is received, the party seeking to file the Confidential or Highly Confidential information shall confer with the other parties in an attempt to resolve the matter, and shall seek guidance from the Court if no agreement can be reached.

21. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on information contained in CONFIDENTIAL or HIGHLY CONFIDENTIAL documents; provided, however, that in

rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated.

22. Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order.

23. Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document in a manner not in violation of this Order, or from disclosing Protected Information to a current employee, officer, or director of the Producing Person.

24. Nothing herein shall restrict any person who is qualified to receive Confidential or Highly Confidential information from making working copies, abstracts, digests, or analyses of such information for use in connection with the Action and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with the Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to persons qualified to receive such information.

25. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c).

26. Within sixty (60) days of the termination of litigation between the parties, including any appeals, all Protected Information shall be destroyed or returned to the Producing

Person, and the Receiving Person shall provide written notice of such destruction or return, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each document transmitted between counsel for the parties to this action.

27. This Protective Order shall survive the final termination of the Action with respect to any retained Confidential or Highly Confidential information.

28. The parties reserve their rights to seek relief from this Order from the Court upon a showing of good cause.

| WILMER CUTLER PICKERING HALE & DORR LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
|---|---|
| Dyan Finguerra-DuCharme<br>Ariella Feingold<br>399 Park Avenue<br>New York, New York 10022<br>Tel: (212) 937-7200<br>Fax: (212) 230-8888<br>dyan.finguerra@wilmerhale.com<br>ariella.feingold@wilmerhale.com<br><br>Jonathan Rosenfeld<br>Mark G. Matuschak<br>Vinita Ferrera<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000<br>jonathan.rosenfeld@wilmerhale.com<br>mark.matuschak@wilmerhale.com<br>vinita.ferrera@wilmerhale.com<br><br>*Attorneys for Plaintiff Marketing Technology Solutions, Inc.* | Philip R. Forlenza<br>Gloria C. Phares<br>Carrie A. Syme<br>1133 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 336-2000<br>Fax: (212) 336-2222<br>prforlenza@pbwt.com<br>gcphares@pbwt.com<br>casyme@pbwt.com<br><br>*Attorneys for Defendant MediZine LLC* |

Person, and the Receiving Person shall provide written notice of such destruction or return, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each document transmitted between counsel for the parties to this action.

27. This Protective Order shall survive the final termination of the Action with respect to any retained Confidential or Highly Confidential information.

28. The parties reserve their rights to seek relief from this Order from the Court upon a showing of good cause.

| WILMER CUTLER PICKERING HALE & DORR LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
|---|---|
| _____<br>Dyan Finguerra-DuCharme<br>Ariella Feingold<br>399 Park Avenue<br>New York, New York 10022<br>Tel: (212) 937-7200<br>Fax: (212) 230-8888<br>dyan.finguerra@wilmerhale.com<br>ariella.feingold@wilmerhale.com<br><br>Jonathan Rosenfeld<br>Mark G. Matuschak<br>Vinita Ferrera<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000<br>jonathan.rosenfeld@wilmerhale.com<br>mark.matuschak@wilmerhale.com<br>vinita.ferrera@wilmerhale.com<br><br>*Attorneys for Plaintiff Marketing Technology Solutions, Inc.* | _/s/ Philip R. Forlenza_<br>Philip R. Forlenza<br>Gloria C. Phares<br>Carrie A. Syme<br>1133 Avenue of the Americas<br>New York, New York 10036<br>Tel: (212) 336-2000<br>Fax: (212) 336-2222<br>prforlenza@pbwt.com<br>gcphares@pbwt.com<br>casyme@pbwt.com<br><br>*Attorneys for Defendant MediZine LLC* |

| FRANKFURT KURNIT KLEIN & SELZ P.C. | OFFICES OF CATHERINE SIMMONS-GILL, LLC |
|---|---|
| *[signature]*<br>Wendy Stryker<br>Jeremy Goldman<br>488 Madison Avenue<br>New York, New York 10022<br>Tel: (212) 705-4838<br>Fax: (347) 438-2148<br>wstryker@fkks.com<br><br>*Attorneys for Defendant Daniel Brandt* | Catherine Simmons-Gill<br>111 West Washington St., Suite 1051<br>Chicago, IL 60602<br>Tel: (312) 609-6611<br>Fax: (312) 609-6610<br>simmonsgill@gmail.com<br><br>*Attorneys for Defendant Michael Rowsom* |

| FRANKFURT KURNIT KLEIN & SELZ P.C. | OFFICES OF CATHERINE SIMMONS-GILL, LLC |
|---|---|
| Wendy Stryker<br>Jeremy Goldman<br>488 Madison Avenue<br>New York, New York 10022<br>Tel: (212) 705-4838<br>Fax: (347) 438-2148<br>wstryker@fkks.com<br><br>*Attorneys for Defendant Daniel Brandt* | *Catherine Simmons-Gill*<br>Catherine Simmons-Gill<br>111 West Washington St., Suite 1051<br>Chicago, IL 60602<br>Tel: (312) 609-6611<br>Fax: (312) 609-6610<br>simmonsgill@gmail.com<br><br>*Attorneys for Defendant Michael Rowsom* |

15

So ORDERED AND SIGNED this 28 day of OCT. , 2009.

_____
UNITED STATES DISTRICT JUDGE

16